MARC TOBEROFF (S.B. #188547)
mtoberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Attorneys for James E. Thomas and
John C. Thomas

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWENTIETH CENTURY FOX FILM CORPORATION d/b/a 20th Century Studios, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES E. THOMAS and JOHN C. THOMAS,<br><br>Defendants. | Case No.: 2:21-cv-03272-GW-JEM<br><br>Hon. George H. Wu<br>Hon. John E. McDermott<br><br>**DEFENDANTS JAMES E. THOMAS AND JOHN C. THOMAS'S AMENDED ANSWER TO COMPLAINT AND COUNTERCLAIMS AGAINST PLAINTIFF TWENTIETH CENTURY FOX FILM CORPORATION D/B/A 20TH CENTURY STUDIOS** |
| JAMES E. THOMAS and JOHN C. THOMAS,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION d/b/a 20th Century Studios, a Delaware Corporation,<br><br>Counterclaim Defendant. | Complaint filed:   April 15, 2021<br>Discovery cutoff:  None set<br>Trial date:            None set |

Defendants James E. Thomas and John C. Thomas (the "Thomases") hereby amend their answer to the Complaint ("Complaint") of Twentieth Century Fox Film Corporation d/b/a 20th Century Studios ("Fox") as follows:

## NATURE OF THE ACTION

1.      The Thomases admit that federal statutory copyright law endows certain grantors, like the Thomases, with copyright termination rights. The remainder of Paragraph 1 contains conclusions of law as to which no responsive pleading is required. To the extent these remaining allegations in Paragraph 1 contain issues of fact, the Thomases deny these allegations.

2.      The Thomases admit that Fox seeks a declaration pursuant to 28 U.S.C. § 2201. The remainder of Paragraph 2 contains conclusions of law as to which no responsive pleading is required. To the extent these remaining allegations in Paragraph 2 contain issues of fact, the Thomases deny these allegations.

## PARTIES

3.      The Thomases admit the allegations in Paragraph 3.

4.      The Thomases admit the allegations in Paragraph 4.

5.      The Thomases admit the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6.      The Thomases admit that Fox seeks a declaration pursuant to 28 U.S.C. § 2201, *et seq*., and under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. The remainder of Paragraph 6 contains conclusions of law to which no responsive pleading is required. To the extent these remaining allegations in Paragraph 6 contain issues of fact, the Thomases deny these allegations.

7.      The Thomases admit that they are domiciled in California. The remainder of Paragraph 7 alleges conclusions of law to which no responsive pleading is required. To the extent these remaining allegations in Paragraph 7 contain issues of fact, the Thomases deny these allegations.

THOMASES' AMENDED ANSWER
AND COUNTERCLAIMS

8.     Paragraph 8 contains conclusions of law to which no responsive pleading is required. To the extent Paragraph 8 contains issues of fact, its allegations contain numerous undefined terms, rendering it too vague for the Thomases to specifically admit or deny such allegations, and on that basis the Thomases deny the allegations.

9.     The Thomases deny the allegations in Paragraph 9.

10.     The Thomases admit the allegations in Paragraph 10.

11.     The Thomases lack knowledge or information sufficient to form a belief as to the truth of whether Fox "produced" the films listed in Paragraph 11, and on that basis deny this allegation. The Thomases otherwise admit the allegations in Paragraph 11.

12.     The Thomases lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis deny the same.

13.     The Thomases lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis deny the same.

14.     The Thomases admit that they authored the Screenplay, which featured an extraterrestrial hunter. The Thomases currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and on that basis deny the same.

15.     The Thomases admit that they entered into an option to purchase agreement with Fox dated as of January 22, 1985 regarding the Thomases' Screenplay. The Thomases otherwise deny the allegations of Paragraph 15, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

16.     The Thomases admit that Fox exercised its option to acquire rights

THOMASES' AMENDED ANSWER
AND COUNTERCLAIMS

to the Screenplay on April 16, 1986 (the "1986 Grant"). The Thomases otherwise deny the allegations of Paragraph 16, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

17.     Paragraph 17 contains conclusions of law to which no responsive pleading is required. To the extent Paragraph 17 contains issues of fact, the Thomases deny these allegations.

18.     The Thomases admit that they made revisions to their Screenplay, but otherwise deny the allegations in Paragraph 18.

19.     The Thomases admit that the original *Predator* film was based on their Screenplay. The Thomases otherwise deny the allegations of Paragraph 19, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

20.     The Thomases admit the allegations in Paragraph 20.

21.     Paragraph 21 contains conclusions of law to which no responsive pleading is required. To the extent Paragraph 21 contains issues of fact, the Thomases deny these allegations.

22.     The Thomases lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis deny the same.

23.     The Thomases lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis deny the same.

24.     The Thomases admit that Fox released three derivative sequels to *Predator* and two further derivative films involving *Predator* and *Alien.* The Thomases otherwise lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 24 and on that basis

THOMASES' AMENDED ANSWER
AND COUNTERCLAIMS

deny the same.

25.     The Thomases admit that on June 9, 2016 they served a notice of termination pursuant to 17 U.S.C. § 203(a) on Fox, and related parties, terminating, effective April 17, 2021, the 1986 Grant to Fox of rights in their Screenplay (the "Termination Notice"), and admit that the Termination Notice was recorded with the U.S. Copyright Office under document number V9938D157 prior to its effective date of April 17, 2021. The Thomases otherwise deny the allegations in Paragraph 25, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

26.     The Thomases admit that, in early January 2021, Fox, and related parties, purported to contest the Termination Notice, sending the Thomases a Counter-Notice dated January 13, 2021. The Thomases otherwise deny the allegations in Paragraph 26, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

27.     The Thomases admit that, in January 2021, out of an abundance of caution, they presented two alternative notices of termination to Fox, while maintaining that Fox's belated objections to the Termination Notice were invalid. The Thomases otherwise deny the allegations in Paragraph 27, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

28.     The Thomases admit that the Termination Notice and second termination notice provided by the Thomases ("Second Termination Notice") expressly indicated that the copyright transfer to be terminated was the 1986 Grant, and otherwise deny the allegations in Paragraph 28.

29.     The Thomases admit the allegations in Paragraph 29.

THOMASES' AMENDED ANSWER
                AND COUNTERCLAIMS

30.     The Thomases deny the allegations in Paragraph 30.

## COUNT I: ACTION FOR DECLARATORY RELIEF

### [As to Validity of Notice One]

31.     The Thomases repeat and reallege each response contained in paragraphs 1 through 30 of this Answer as if fully set forth herein.

32.     The Thomases admit that they served Fox and other parties with the Termination Notice, which contains an effective date of April 17, 2021, and that they duly recorded that Termination Notice with the U.S. Copyright Office. The Thomases deny any other allegations contained in Paragraph 32.

33.     The Thomases admit the allegations in Paragraph 33.

34.     The Thomases deny the allegations in Paragraph 34, except to the extent, if any, that the allegations quote part of the contents of 17 U.S.C. § 203(a), and respectfully refer the Court to the statute itself for the full contents thereof.

35.     The Thomases admit that pursuant to their Termination Notice, they statutorily recaptured the U.S. copyright to their Screenplay on April 17, 2021. To the extent any additional response is required, the Thomases deny all other allegations contained in Paragraph 35.

36.     The Thomases lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and on that basis deny the same.

37.     Paragraph 37 contains conclusions of law to which no responsive pleading is required. To the extent Paragraph 37 contains issues of fact, the Thomases deny these allegations.

38.     The Thomases admit that there now exists an actual and justiciable controversy to confirm the validity of the Thomases' Termination Notice. To the extent any additional response is required, the Thomases deny the remaining allegations in Paragraph 38.

THOMASES' AMENDED ANSWER
AND COUNTERCLAIMS

39.     The Thomases admit that a declaration of the validity of the Termination Notice is necessary and appropriate. To the extent any additional response is required, the Thomases deny the remaining allegations in Paragraph 39.

40.     Paragraph 40 contains conclusions of law to which no responsive pleading is required. To the extent Paragraph 40 contains issues of fact, the Thomases deny these allegations.

41.     The Thomases admit only that, by filing its complaint, Fox is seeking a judgment that the Thomases' Termination Notice is invalid, but the Thomases otherwise deny the allegations in Paragraph 41.

## COUNT II: ACTION FOR DECLARATORY RELIEF

### [As to Validity of Notice Two]

42.     The Thomases repeat and reallege each response contained in paragraphs 1 through 41 of this Answer as if fully set forth herein.

43.     The Thomases admit only that they provided Fox (and related parties) with the Second Termination Notice as "belt and suspenders," and that this notice bears an effective termination date of June 14, 2022. To the extent any additional response is required, the Thomases deny the remaining allegations in Paragraph 43.

44.     The Thomases admit the allegations in Paragraph 44.

45.     The Thomases deny the allegations in Paragraph 45.

46.     The Thomases admit that their Second Termination Notice bears an effective date of June 14, 2022. The Thomases deny the balance of the allegations contained in Paragraph 46.

47.     The Thomases lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and on that basis deny the same.

48.     Paragraph 48 contains conclusions of law to which no responsive

THOMASES' AMENDED ANSWER
AND COUNTERCLAIMS

pleading is required. To the extent Paragraph 48 contains issues of fact, the Thomases deny these allegations.

49.     The Thomases admit that, only in the event that the effective termination date in their Termination Notice were held to be incorrect, there would be an actual and justiciable controversy to confirm the validity of the Thomases' Second Termination Notice. To the extent any additional response is required, the Thomases deny the remaining allegations in Paragraph 49.

50.     The Thomases admit that, only in the event that the effective termination date in their Termination Notice were held to be incorrect, a declaration of the validity of the Second Termination Notice would be necessary and appropriate. To the extent any additional response is required, the Thomases deny the remaining allegations in Paragraph 50.

51.     Paragraph 51 alleges conclusions of law to which no responsive pleading is required. To the extent Paragraph 51 contains issues of fact, the Thomases deny these allegations.

52.     The Thomases admit only that, by filing its complaint, Fox is seeking a judgment that the Thomases' Second Termination Notice is invalid, but the Thomases otherwise deny the allegations in Paragraph 52.

## AFFIRMATIVE DEFENSES

In addition to the grounds set out in the Answer to the Complaint herein, the Thomases hereby additionally allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

53.     The Complaint and each purported claim therein fails to state a claim upon which the relief sought or any relief could be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

THOMASES' AMENDED ANSWER
AND COUNTERCLAIMS

54.     The Complaint and each purported claim therein is barred, in whole or in part, by Fox's failure to bring such claims within the governing statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver/Acquiescence/Estoppel)

55.     The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of waiver, acquiescence, and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

56.     The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

57.     The Complaint and each purported claim therein is barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

58.     The Complaint and each purported claim therein is barred, in whole or in part, by the equitable doctrine of unjust enrichment.

## SEVENTH AFFIRMATIVE DEFENSE

### (Illegality)

59.     The Complaint and each purported claim therein is barred, in whole or in part, to the extent of any illegality of any matters set forth in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Claim Preclusion)

60.     The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of *res judicata* (claim preclusion).

//

THOMASES' AMENDED ANSWER
AND COUNTERCLAIMS

**NINTH AFFIRMATIVE DEFENSE**

**(Issue Preclusion)**

61.     The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of collateral estoppel (issue preclusion).

**TENTH AFFIRMATIVE DEFENSE**

**(Duress)**

62.     The Complaint and each purported claim therein is barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of duress.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure of Consideration)**

63.     The Complaint and each purported claim therein is barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because the contract(s) lacked consideration.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Misrepresentation)**

64.     The Complaint and each purported claim therein is barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of the misrepresentations of Fox and/or its predecessors-in-interest.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Against Public Policy)**

65.     The Complaint and each purported claim therein is barred, in whole or in part, any alleged contract between the parties or their respective predecessors-in-interest which is contrary to public policy is unenforceable, and any relief requested in the Complaint which is contrary to public policy should

THOMASES' AMENDED ANSWER
AND COUNTERCLAIMS

not be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Bad Faith)

66.    The Complaint and each purported claim therein is barred, in whole or in part, because Fox has acted in bad faith for improper purposes with respect to the subject matter of the claims.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Superseding Intervening Cause)

67.    The Complaint and each purported claim therein is barred, in whole or in part, because any alleged damages suffered by Fox were a direct and proximate result of a superseding, intervening cause on the part of third parties and/or Fox itself, such that the superseding, intervening cause bars any recovery by Fox against the Thomases.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

68.    The Complaint and each purported claim therein is barred, in whole or in part, because Fox lacks standing to pursue its claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

69.    The Complaint and each purported claim therein is barred, in whole or in part, because of Fox's failure to take reasonable steps to mitigate its alleged losses.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Termination Notices Are Valid and Comply with 17 U.S.C. § 203(a))

70.    The Complaint and the First and Second Claims for Relief are barred because the Termination Notice or alternatively, the Second Termination Notice, is valid and effective, and in full compliance with 17 U.S.C. § 203(a) and 37 C.F.R. § 201.10.

THOMASES' AMENDED ANSWER
                                              AND COUNTERCLAIMS

## NINETEENTH AFFIRMATIVE DEFENSE

### (Termination Notices Not Invalidated By Technical Errors)

71.     The Complaint and the First and Second Claims for Relief are barred, in whole or in part, because under 17 U.S.C. § 203(a) and 37 C.F.R. § 201.10, the Termination Notice or alternatively, the Second Termination Notice, is not invalidated or curtailed due to technical errors or omissions, if any, and with respect to the Second Termination Notice, the Thomases intent to terminate their 1986 Grant to Fox was made crystal clear in the original Termination Notice, which they served on Fox and related entities years in advance, on June 9, 2016.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Comply with F.R.C.P.)

72.     The Thomases are not required to separately admit or deny each averment contained in each Paragraph of the Complaint due to Fox's failure to comply with Rules 8(a) and 8(d) of the Federal Rules of Civil Procedure.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unknown Defenses)

73.     The Thomases believe, and based upon such information and belief allege, that the Thomases may have additional affirmative defenses available to them, which are not now fully known, and of which the Thomases are not fully aware. The Thomases accordingly reserve the right to assert any additional affirmative defense after the same have been ascertained.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Right to Amend)

74.     The Complaint and each purported claim therein fails to state the claims for relief with sufficient particularity to permit the Thomases to discern and raise all appropriate defenses, and the Thomases therefore reserve their rights to amend or supplement this Answer with additional defenses.

1    FOR THESE REASONS, the Thomases pray that the Court dismiss all
2 Fox's claims, deny all Fox's prayers for relief, and find for the Thomases on all
3 counts of their Complaint, and that the Thomases be awarded costs and
4 attorneys' fees, including under 17 U.S.C. § 505 and California Code of Civil
5 Procedure § 425.16, and pray for such other and further relief as this Court
6 deems just and proper.

7 DATED: June 11, 2021          TOBEROFF & ASSOCIATES, P.C.
8
9                               By    */s/ Marc Toberoff*
10                                      Marc Toberoff
11                              Attorneys for James E. Thomas and
12                              John C. Thomas
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **COUNTERCLAIMS**

Counterclaim Plaintiffs JAMES E. THOMAS and JOHN C. THOMAS, by and through their attorneys of record, hereby counterclaim against Counterclaim Defendant TWENTIETH CENTURY FOX FILM CORPORATION d/b/a 20th Century Studios and allege as follows ("Counterclaims"):

## **JURISDICTION AND VENUE**

1. This is a civil action seeking declaratory and injunctive relief under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*, (hereinafter the "Copyright Act"), and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. This Court has subject matter jurisdiction over the claims set forth in these Counterclaims pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

3. This Court has personal jurisdiction over Counterclaim Defendant Twentieth Century Fox Film Corporation d/b/a 20th Century Studios ("Fox"), in that Fox maintains its principal place of business in Los Angeles County, California and regularly conducts significant business in this district.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391 (a), (b), and (c) and 1400(a), because Fox is considered a resident of this district, among others, conducts business in this district, and is subject to personal jurisdiction in this district.

## **NATURE OF THE ACTION**

5. The Copyright Act, 17 U.S.C. §203(a), provides authors with the inalienable right to recapture the copyright to their creative work, after a lengthy waiting period, by statutorily terminating *without cause* prior transfer(s) of copyright, provided advance notice of termination is given and accepted for

- 13 -

1  recordation by the U.S. Copyright Office.

2      6.      The termination right was specifically enacted by Congress in

3  recognition of the unequal bargaining position of authors and to enable them to

4  finally secure the financial benefits of their work, sold inevitably before its value

5  could be fairly tested in the marketplace. *See* H.R. Rep. No. 94-1476, at 124

6  (1976) (emphasizing that the termination right was enacted to give authors a

7  chance to obtain a more equitable portion of their creation's market value when

8  it is no longer conjectural).

9      7.      In or about 1984, brothers James E. Thomas and John C. Thomas

10 conceived and authored the original "spec" screenplay "Hunters" (hereinafter,

11 the "Screenplay"). Their Screenplay was acquired in 1986 by Twentieth Century

12 Fox Film Corporation and was the basis for the iconic hit film *Predator* (1987),

13 starring Arnold Schwarzenegger, launching the *Predator* film franchise.

14     8.      In 2016, the Thomas brothers properly availed themselves of their

15 right under section 203(a) of the Copyright Act to recover the copyright to their

16 Screenplay by serving and recording with the U.S. Copyright Office within the

17 prescribed statutory window, a notice of termination with an effective

18 termination date of April 17, 2021. This is a civil action seeking declaratory

19 relief that the Thomas brothers' termination is valid and effective under the

20 Copyright Act.

21                                **PARTIES**

22     9.      Counterclaim Plaintiff JAMES E. THOMAS is an individual and a

23 citizen of and resides in the State of California, in the County of Santa Barbara,

24 and is and at all times has been a citizen of the United States.

25     10.     Counterclaim Plaintiff JOHN C. THOMAS (hereinafter,

26 collectively with Counterclaim Plaintiff JAMES E. THOMAS, the "Thomases")

27 is an individual and a citizen of and resides in the State of California, in the

28 County of Santa Barbara, and is and at all times has been a citizen of the United

THOMASES' AMENDED ANSWER
AND COUNTERCLAIMS

States.

11.     The Thomases are informed and believe and based thereon allege that Counterclaim Defendant Fox is a Delaware corporation maintaining its principal place of business in Los Angeles County, California, and that Fox regularly conducts significant business in this district.

### STATUTORY BACKGROUND

12.     The U.S. Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. (the "Copyright Act"), provides an author with the inalienable right to recapture the copyright to the author's creative material, after a lengthy waiting period, by statutorily terminating without cause prior transfer(s) of such copyright. Termination is carried out by simply serving advance notice of termination on the original grantee or its successors and filing the notice with the U.S. Copyright Office, within delineated time windows. 17 U.S.C. § 203(a).

13.     Section 203(a) provides for the termination of post-1977 transfers of rights under copyright by the author during a five (5) year period commencing thirty-five (35) years after the date the rights were transferred. *Id*. § 203(a)(3). The requisite notice of termination sets forth the "effective date" of termination, within the five-year termination "window," when the previously transferred rights under copyright will be recaptured by the author. Notice of termination may be served by the author at any time between ten (10) and two (2) years before the effective termination date. *Id*. § 203(a)(4)(A).

14.     "Works for hire" are the sole exemption from the Copyrights Act's termination provisions. *Id*. § 203(a).

15.     The termination right is the most important authorial right provided by the Copyright Act, short of copyright itself. Congress was therefore very protective of the termination right and, to that end, enacted a number of provisions to prevent any waiver or encumbrance of the termination interest. For instance, "[t]ermination of the [prior copyright] grant may be effected

THOMASES' AMENDED ANSWER
AND COUNTERCLAIMS

1  notwithstanding any agreement to the contrary [.]" *Id*. § 203(a)(5).

2        16.    Furthermore, "[h]armless errors in a [termination] notice that do not

3  materially affect the adequacy of the information required to serve the purposes

4  of . . . section [203(a)] of title 17, U.S.C. . . . shall not render the notice invalid."

5  37 CFR § 201.10(e)(1).

6        17.    Congress anticipated that an author's exercise of his/her termination

7  right would usually result in a new license by the author to the terminated

8  grantee (such as Fox). To that end, Congress provided "the original grantee"

9  with the exclusive opportunity to re-license an author's recaptured copyright

10  "after the notice or termination has been served," but before "the effective date

11  of the termination." *Id*. § 203(b)(4). The termination provisions thus reflect a

12  deliberate balance of competing interests.

13        18.    Under the termination provisions, prior "derivative works" "can

14  continue to be" distributed as before. 17 U.S.C. § 203(b)(1). The Thomases'

15  recovery of the U.S. copyright to their Screenplay therefore does not prevent

16  Fox or its licensees from continuing to exploit prior derivative works, including

17  the original *Predator* film and Fox's five sequel films.

18        19.    In addition, because the Copyright Act has no extraterritorial

19  application, the foreign rights to the Thomases' Screenplay remain with Fox

20  such that, notwithstanding the Thomases' Termination Notice, Fox would

21  always remain with and continue to benefit from the *Predator* franchise. After

22  the effective April 17, 2021 termination date, any new derivative *Predator* film

23  or other work(s) would simply require a U.S. license from the Thomases,

24  thereby enabling the authors to fairly participate with others at a level reflective

25  of their work's market value. Accordingly, the Thomases' exercise of their

26  copyright termination right does not prevent the exploitation of the *Predator*

27  franchise; it simply allows its original creators to, at long last, participate in the

28  financial rewards of their creation, just as Congress intended. H.R. Rep. No. 94-

THOMASES' AMENDED ANSWER
AND COUNTERCLAIMS

1476, at 124 (1976).

## FACTS COMMON TO ALL COUNTERCLAIMS

20.     Counterclaim Plaintiffs JAMES E. THOMAS and JOHN C. THOMAS are brothers who co-authored the original motion picture Screenplay entitled "Hunters" in 1984. The Thomases created the Screenplay "on spec," on their own volition, with no guarantee of compensation, and, as such, the Screenplay does not qualify as a "work made for hire" under the Copyright Act, 17 U.S.C. § 101.

21.     On April 16, 1986, the Thomases transferred their rights under copyright in the Screenplay to Fox (the "1986 Grant"), pursuant to an Option Agreement for Literary Material between the Thomases and Fox dated January 22, 1985.

22.     Thereafter, Fox produced a derivative feature-length motion picture based upon the Screenplay, entitled *Predator,* which was released in theaters on June 12, 1987.

23.     Pursuant to the Copyright Act, 17 U.S.C. § 203(a), the Thomases, as the authors of the original Screenplay, have the full power and authority to recover the copyright in their Screenplay by serving on Fox, within the statutorily defined time window (April 16, 2014 to April 16, 2024), a notice of termination regarding the 1986 Grant, and filing that notice with the U.S. Copyright Office prior to the notice's effective termination date.

24.     On June 9, 2016, the Thomases availed themselves of their federal termination right by serving a notice of termination, pursuant to 17 U.S.C. § 203(a) (hereinafter, the "Termination Notice") on Fox, TFCF Corporation (formerly known and served as Twenty-First Century Fox, Inc.), and TFCF Entertainment Group, LLC (formerly known and served as Fox Entertainment Group, LLC), statutorily terminating the 1986 Grant of rights under copyright in their Screenplay.

THOMASES' AMENDED ANSWER
AND COUNTERCLAIMS

25.    The Termination Notice bore an effective termination date of April 17, 2021, upon which the Thomases would recapture, pursuant to 17 U.S.C. § 203(a), all rights under copyright in and to their Screenplay.

26.    The June 9, 2016 Termination Notice was served on Fox (and related parties) well in advance of the April 17, 2021 termination date. The Termination Notice was drafted, served, and accepted for recordation by the U.S. Copyright Office on June 28, 2016—all in full compliance with the Copyright Act, 17 U.S.C. § 203(a), and the regulations promulgated thereunder by the Register of Copyrights, 37 C.F.R. § 201.10.

27.    For *four and one-half (4½) years* after the Termination Notice was served, Fox did not object to it in any respect. Then, in early January 2021, Fox's counsel unexpectedly contacted the Thomases' counsel, contesting the Termination Notice as supposedly untimely, based on a theory that the 1986 Grant of the Screenplay underlying their *Predator* films allegedly qualified for the special, delayed termination time "window" in 17 U.S.C. § 203(a)(3), intended by Congress to apply to "book publication" grants. *See* M. Nimmer and D. Nimmer, 3 *Nimmer on Copyright*, § 11.05[A][2] ("*Nimmer*"). On January 13, 2021, Fox and other third parties served a "counter-notice" on the Thomases, reciting their arguments, which squarely contradicted both *Nimmer* and the legislative history of the statutory provision (17 U.S.C. § 203(a)(3)) they purported to rely upon. *Id.* (citing Copyright Reg. Supp. Rep., pp. 74-75).

28.    On or about January 12, 2021, in response and in an abundance of caution, the Thomases served two alternate notices of termination on Fox and related third parties, addressing their theory: one with an effective termination date of June 14, 2022 (hereinafter, the "Second Termination Notice"), and the other with an effective termination date of January 13, 2023 (hereinafter, the "Third Termination Notice") (collectively, the "Alternate Notices"). On March 12, 2021, the Alternate Notices were mailed to the U.S. Copyright Office for

THOMASES' AMENDED ANSWER
AND COUNTERCLAIMS

recordation. Although the Thomases considered Fox's last minute objections to be without merit, the Alternate Notices were served as a "belt and suspenders" precaution.

29.     On March 25, 2021, different counsel for Fox served a second "counter-notice" on the Thomases, repeating Fox's purported objection regarding the Termination Notice, and adding an assortment of additional arguments regarding the Alternate Notices, in an effort to delay and frustrate the Copyright Act's authorial termination right.

## FIRST COUNTERCLAIM

### (Declaratory Relief: Termination Is
### Effective Under 17 U.S.C. § 203(a))

30.     The Thomases re-allege and incorporate by reference paragraphs 1 through 29 inclusive, as though fully set forth herein.

31.     By reason of the foregoing facts, an actual and justiciable controversy has arisen and now exists between the Thomases and Fox concerning the validity of the Thomases' Termination Notice (and Alternate Notices), and the parties' respective rights to the Screenplay, for which the Thomases desire a declaration of rights.

32.     The Thomases contend, and Fox denies, that their Termination Notice is valid and effective under the Copyright Act.

33.     The Thomases thus seek a declaration from this Court that:

        a.     The Termination Notice is valid and effective under 17 U.S.C. § 203(a) and terminated, on April 17, 2021, the Thomases' 1986 Grant of their Screenplay to Fox, and that, as of said date, the Thomases recovered the U.S. copyright to their Screenplay.

        b.     In the unlikely event the Court finds the Termination Notice is invalid, the Thomases' Second Termination Notice or Third Termination Notice is valid, with effective termination dates of June 14, 2022 or January 13,

THOMASES' AMENDED ANSWER
                    AND COUNTERCLAIMS

2023, respectively.

34.    A declaration of the Court is necessary pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, so that the parties may know their respective rights and obligations as to the Termination Notice and Alternate Notices and the date when the Thomases recovered the copyright to their Screenplay.

35.    The Thomases are entitled to a preliminary injunction, during the pendency of this action, and thereafter to a permanent injunction, pursuant to 28 U.S.C. § 2202, enjoining Fox, its officers, agents, and employees, and all persons acting in concert with them, from exploiting after April 17, 2021 (the effective termination date), new derivative works based on the Screenplay and derivative *Predator* film franchise, without first obtaining at arms' length a new copyright license from the Thomases.

## **PRAYER FOR RELIEF**

WHEREFORE, the Thomases pray for judgment against Fox as follows:

1.    For a declaration that:

a.    The Thomases' Termination Notice is valid and effective under the Copyright Act, 17 U.S.C. § 203 (a), as alleged hereinabove;

b.    As of April 17, 2021, the effective termination date, the Thomases will own exclusively the U.S. copyright in their original Screenplay; and

c.    As of April 17, 2021, Fox, its licensees, assigns, and/or successors, may not continue to exploit the U.S. copyright to the Screenplay, in whole or in part, without a new copyright license from the Thomases;

2.    For an order, preliminarily during the pendency of this action, and thereafter permanently, enjoining Fox, and all persons acting in concert with it, from exploiting, after April 17, 2021, new derivative works based on the

THOMASES' AMENDED ANSWER
AND COUNTERCLAIMS

Screenplay and derivative *Predator* franchise, without first obtaining a new license from the Thomases under the Copyright Act;

      3.     For costs of suit;

      4.     For reasonable attorneys' fees; and

      5.     For such other and further relief as this Court may deem just and proper.

DATED: June 11, 2021         TOBEROFF & ASSOCIATES, P.C.


By       */s/ Marc Toberoff*
             Marc Toberoff

Attorneys for James E. Thomas and
John C. Thomas

THOMASES' AMENDED ANSWER
AND COUNTERCLAIMS

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Thomases hereby demand a trial by jury for all issues triable to a jury.

DATED: June 11, 2021          TOBEROFF & ASSOCIATES, P.C.


By_____*/s/ Marc Toberoff*_____
              Marc Toberoff

Attorneys for James E. Thomas and
John C. Thomas

THOMASES' AMENDED ANSWER
                        AND COUNTERCLAIMS