DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MOLLY M. LENS (S.B. #283867)
mlens@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

KENDALL TURNER (S.B. #310269)
kendallturner@omm.com
O'MELVENY & MYERS LLP
1625 I Street NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Twentieth Century Fox Film Corporation d/b/a 20th Century Studios

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TWENTIETH CENTURY FOX FILM CORPORATION d/b/a 20th Century Studios, a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>JAMES E. THOMAS and JOHN C. THOMAS<br><br>Defendants.<br><br>JAMES E. THOMAS and JOHN C. THOMAS<br><br>Counterclaimants,<br><br>v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION d/b/a 20th Century Studios, a Delaware corporation<br><br>Counter-Defendant. | Case No. 2:21-cv-03272-GW-JEM<br><br>**TWENTIETH CENTURY FOX FILM CORPORATION'S ANSWER TO COUNTERCLAIM**<br><br>Hon. George Wu |

Twentieth Century Fox Film Corporation ("20th Century") hereby answers the Counterclaim of James E. Thomas and John C. Thomas (the "Thomases") as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 contains conclusions of law to which no answer is required.

2. Paragraph 2 contains conclusions of law to which no answer is required.

3. 20th Century admits that it maintains its principal place of business in Los Angeles County and regularly conducts business in this district. The remainder of Paragraph 3 contains conclusions of law to which no answer is required.

4. Paragraph 4 contains conclusions of law to which no answer is required.

## NATURE OF THE ACTION

5. Paragraph 5 contains conclusions of law to which no answer is required. Nonetheless, 20th Century agrees that authors, under certain circumstances, have the right to terminate a grant of rights under copyright. But the Thomases' characterization omits several key limitations on the exercise and effectuation of a termination under Section 203(a).

6. Paragraph 6 contains conclusions of law to which no answer is required. However, it ignores that the termination right embodied in Section 203 was carefully calibrated to account for the "legitimate needs" *both* of authors *and* of publishers, film producers, and other users of expressive works. H.R. Rep. No. 94-1476, at 124 (1976). Thus, Section 203 was drafted as a "compromise" that "would be of practical benefit to authors and their families *without being unfair to publishers, film producers, and other users*."

Supplementary Report of the Register of Copyrights on the General Revision of the U.S. Copyright Law: 1965 Revision Bill, at 72 (1965) (emphasis added).

7. 20th Century admits that it acquired the screenplay entitled "Hunters" (the "*Hunters* Screenplay") in 1986 and that the Thomases then wrote, on a work made for hire basis, the screenplay that ultimately would be used for the original *Predator* film, which was released in 1987. 20th Century also admits that the original *Predator* film starred Arnold Schwarzenegger and was the first film in the *Predator* film franchise. 20th Century lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and/or denies such allegations.

8. 20th Century admits that the Thomases served a notice of termination in 2016 that listed a purported termination date of April 17, 2021 ("Notice One"). The remainder of Paragraph 8 contains legal argument and conclusions of law to which no answer is required. Nonetheless, 20th Century denies that Notice One was "proper[]." Notice One is premature and therefore invalid, because it seeks to terminate the grant of rights to the *Hunters* Screenplay (the "Grant") before the opening of the statutory termination window under Section 203(a)(3). Because the Grant covers the right of publication of the work, the applicable termination window does not open until the earlier of thirty-five years from the date of publication (here, June 2022) or forty years from the date of execution of the grant (here, April 2026). 20th Century does not dispute that Section 203 endows the Thomases with the right to terminate the Grant; it contests only their *premature* exercise of that right.

**PARTIES**

9. 20th Century admits the allegations of Paragraph 9.

10. 20th Century admits the allegations of Paragraph 10.

11. 20th Century admits that it is a Delaware corporation with a principal place of business in Los Angeles, California. 20th Century also admits

that it conducts business in the Central District of California. The remaining allegations of Paragraph 11 are conclusions of law to which no answer is required.

## STATUTORY BACKGROUND

12. Paragraph 12 contains conclusions of law to which no answer is required. 20th Century agrees that authors, under certain circumstances, have the right to terminate a grant of rights under copyright, but the Thomases' characterization omits several key limitations on the exercise and effectuation of a termination under Section 203.

13. Paragraph 13 contains conclusions of law to which no answer is required. Paragraph 13 also notably omits the alternative termination window applicable in cases like this one, where the grant covers the right of publication. In such cases, the termination window does not open until the earlier of thirty-five years from the date of publication or forty years from the date of execution of the grant. 17 U.S.C. § 203(a)(3).

14. Paragraph 14 contains conclusions of law to which no answer is required. Paragraph 14 also does not include an exhaustive list of the requirements to effectuate a termination under Section 203.

15. Paragraph 15 contains legal argument and conclusions of law to which no answer is required. Paragraph 15 also does not include an exhaustive list of the requirements to effectuate a termination under Section 203. In addition, it ignores that the termination right embodied in Section 203 was carefully calibrated to account for the "legitimate needs" *both* of authors *and* of publishers, film producers, and other users of expressive works. H.R. Rep. No. 94-1476, at 124 (1976). Thus, Section 203 was drafted as a "compromise" that "would be of practical benefit to authors and their families *without being unfair to publishers, film producers, and other users*." Supplementary Report of the

Register of Copyrights on the General Revision of the U.S. Copyright Law: 1965 Revision Bill, at 72 (1965) (emphasis added).

16. Paragraph 16 contains conclusions of law to which no answer is required. Paragraph 16 also neglects to mention that the regulatory harmless error provision does not and cannot excuse noncompliance with the core statutory mandates of Section 203, including the applicable termination window and the requisite period for service of a termination notice.

17. Paragraph 17 contains legal argument and conclusions of law to which no answer is required. That a grantee may negotiate for a further grant of a terminated transfer also does not vitiate the importance of strict adherence to the applicable statutory termination window, which itself is a product of compromise and a delicate balancing of interests.

18. Paragraph 18 contains legal argument and conclusions of law to which no answer is required. 20th Century agrees that it may continue to exploit its preexisting derivative works, irrespective of termination of the Grant.

19. Paragraph 19 contains legal argument and conclusions of law to which no answer is required. 20th Century agrees that it may continue to exploit the *Hunters* Screenplay and the *Predator* franchise internationally, irrespective of termination of the Grant.

### **FACTS COMMON TO ALL COUNTERCLAIMS**

20. Whether the *Hunters* Screenplay qualifies as a work made for hire is a conclusion of law to which no answer is required. 20th Century admits that the Thomases authored the *Hunters* Screenplay, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20.

21. 20th Century admits the allegations of Paragraph 21.

22. 20th Century admits that the Thomases wrote, on a work made for hire basis, the screenplay that ultimately would be used for the original *Predator*

1  film, which was released in theaters on June 12, 1987.  Whether the *Predator*
2  film was derivative of the *Hunters* Screenplay is a conclusion of law to which no
3  answer is required.  20th Century denies the remaining allegations of Paragraph
4  22.

5       23.    Paragraph 23 contains legal argument and conclusions of law to
6  which no answer is required.  Nonetheless, 20th Century agrees that the
7  Thomases have the right to recapture the domestic rights to the *Hunters*
8  Screenplay, but only upon opening of the applicable statutory termination
9  window under Section 203(a)(3).  Because the Grant covers the right of
10 publication—it not only confers "all of [the Thomases'] right, title and interest
11 in and to the Literary Property [i.e., the *Hunters* Screenplay]," but also expressly
12 encompasses a "Publications" right—the alternative termination window in
13 Section 203(a)(3) applies, whereby the termination window does not open until
14 the earlier of thirty-five years from the date of publication (here, June 2022) or
15 forty years from the date of execution of the grant (here, April 2026).  The
16 Thomases apply the incorrect termination window and, in turn, arrive at the
17 incorrect window for service of a termination notice.

18      24.    20th Century admits that it was served by the Thomases with a
19 notice of termination on June 9, 2016, which named the additional entities listed
20 in Paragraph 24.  The remainder of Paragraph 24 consists of conclusions of law
21 to which no answer is required.  However, 20th Century denies that the
22 Thomases effected a termination of the Grant by serving Notice One, because it
23 is premature and therefore invalid.

24      25.    20th Century admits that Notice One bore a purported effective
25 termination date of April 17, 2021.  The remainder of Paragraph 25 consists of
26 conclusions of law to which no answer is required.  However, 20th Century
27 denies that Notice One permits the Thomases to recapture the rights to the
28 *Hunters* Screenplay upon passage of that purported effective date, because it

predates the opening of the applicable termination window under Section 203(a)(3).

26. 20th Century admits that Notice One was served before April 17, 2021. Whether Notice One complied with the requirements of the Copyright Act and the accompanying regulations is a conclusion of law to which no answer is required. Nonetheless, 20th Century denies that Notice One "was drafted, served, and accepted for recordation . . . all in full compliance with the Copyright Act, 17 U.S. § 203(a), and the regulations promulgated thereunder by the Register of Copyrights, 37 C.F.R. § 201.10." Notice One is premature and therefore invalid, because it seeks to terminate the Grant before the opening of the statutory termination window under Section 203(a)(3). Because the Grant covers the right of publication of the work, the applicable termination window does not open until the earlier of thirty-five years from the date of publication (here, June 2022) or forty years from the date of execution of the grant (here, April 2026). 20th Century does not dispute that Section 203 endows the Thomases with the right to terminate the Grant; it contests only their premature exercise of that right.

27. 20th Century admits that its counsel contacted the Thomases' counsel in January 2021 regarding Notice One and that 20th Century and other third parties served a counter-notice on the Thomases in January 2021—although 20th Century had no legal obligation to serve a counter-notice at *any* point in order to challenge the Thomases' termination notice. The remainder of Paragraph 27 consists of legal argument and conclusions of law to which no answer is required. Nonetheless, 20th Century denies that the alternative termination window in Section 203(a)(3) is limited to book publication grants. The statutory language contains no such limitation but rather expressly applies to any grant that "covers the right of publication of the work." The Thomases' argument also neglects that the legislative history instructs that book publishers

were not alone in advocating for the alternative termination window for grants covering the right of publication. Instead, "[t]his alternative method of computation was intended to meet the arguments of book publishers *and others*" concerning the potential for delay between execution of a contract covering the right of publication and the ultimate publication of the work. H.R. Rep. No. 90-83, at 93 (1967) (emphasis added); *see also* Supplementary Report of the Register of Copyrights on the General Revision of the U.S. Copyright Law: 1965 Revision Bill, at 75 (1965) ("The book publishers, *among others*, have argued that in many cases a straight period of 35 years from the execution would be illusory," given the potential for delay between execution of the grant and publication. (emphasis added)). Although the Thomases' interpretation of Section 203 is erroneous, 20th Century also denies that the Grant would not qualify as one covering the right of book publication.

28. 20th Century admits that it and a related third party were served with two additional notices of termination on January 12, 2021, which listed effective termination dates of June 14, 2022 ("Notice Two") and January 13, 2023 ("Notice Three"), respectively. 20th Century lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 and/or such allegations contain legal argument and conclusions of law to which an answer is not required.

29. 20th Century admits that, through the counsel of record in this matter, it served a second counter-notice on the Thomases on or about March 25, 2021. 20th Century denies the remaining allegations of Paragraph 29.

### FIRST COUNTERCLAIM
**(Declaratory Relief: Termination Is Effective Under 17 U.S.C. § 203(a))**

30. 20th Century incorporates by reference the answers to Paragraphs 1 through 29, as though fully set forth herein.

31. Paragraph 31 contains legal argument and conclusions of law to which no answer is required.

32. 20th Century admits the allegations of Paragraph 32.

33. Paragraph 33 contains legal argument and conclusions of law to which no answer is required. Nonetheless, 20th Century denies that Notice One is valid and effective, given that it states a purported effective date that predates the opening of the applicable termination window in June 2022. The Thomases' attempt to effect a premature termination of the Grant on April 17, 2021—disturbing the careful compromise embodied in Section 203 between the rights of grantors and grantees—fails as a matter of law. Notice Two is also invalid because it was served less than two years before its effective date, in violation of 17 U.S.C. § 203(a)(4)(A). However, 20th Century does not dispute that the Grant is terminable, provided the Thomases satisfy the requirements of Section 203 and the accompanying regulations.

34. Paragraph 34 contains legal argument and conclusions of law to which no answer is required.

35. Paragraph 35 contains legal argument and conclusions of law to which no answer is required. However, 20th Century denies that the Thomases are entitled to a preliminary injunction or a permanent injunction. The statutory termination window does not open until June 2022, rendering invalid the Thomases' attempt to effect a premature termination of the Grant on April 17, 2021. Because 20th Century continued to hold the rights to the *Hunters* Screenplay after April 17, 2021, and continues to hold such rights unless and until a valid termination is effected, the Thomases are not entitled to the injunctive relief they seek.

## AFFIRMATIVE DEFENSES

In addition to the grounds set out in the Answer to the Counterclaim herein, 20th Century hereby reserves the right to assert affirmative defenses concerning the Thomases' Counterclaim.

WHEREFORE, 20th Century prays for judgment as follows:

1. That the Thomases take nothing by their Counterclaim, and the Counterclaim be dismissed with prejudice;

2. That the Thomases be denied each and every demand and prayer for relief contained in the Counterclaim;

3. That judgment be entered in favor of 20th Century and against the Thomases on the Counterclaim;

4. That 20th Century be awarded reasonable attorneys' fees and costs; and

5. That 20th Century be awarded such other and further relief as the Court may deem appropriate.

Dated: July 9, 2021                         O'MELVENY & MYERS LLP

                                            By:    */s/ Daniel M. Petrocelli*
                                                    Daniel M. Petrocelli

                                            Attorneys for Twentieth Century Fox
                                            Film Corporation d/b/a 20th Century
                                            Studios